**WEN SHENG DONG, Petitioner,**

**v.**

**Michael B. MUKASEY, United States Attorney General,\* Respondent.**

**No. 07–1540–ag.**

United States Court of Appeals, Second Circuit.

Dec. 5, 2007.

---

Wen Sheng Dong, Philadelphia, PA, pro se.

Peter D. Keisler, Assistant Attorney General; Richard M. Evans, Assistant Director; Rebecca A. Niburg, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Present JOHN M. WALKER, JR., CHESTER J. STRAUB, ROBERT D. SACK, Circuit Judges.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

### SUMMARY ORDER

Wen Sheng Dong, a native and citizen of the People's Republic of China, seeks review of a March 15, 2007 order of the BIA affirming the September 23, 2005 decision of Immigration Judge ("IJ") Brigitte Laforest, which denied his application for relief under the Convention Against Torture ("CAT"). *In re Wen Sheng Dong*, No. A97 954 250 (B.I.A. Mar. 15, 2007), *aff'g* No. A97 954 250 (Immig. Ct. N.Y. City Sept. 23, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 156 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also, e.g., Iouri v. Ashcroft*, 487 F.3d 76, 81 (2d Cir.2007) (quoting section 1252(b)(4)(B)).

We conclude that substantial evidence supports the agency's denial of Dong's CAT claim.** We have held that, without any particularized evidence, an applicant cannot demonstrate that he is more likely than not to be tortured "based *solely* on the fact that [he] is part of the large class of persons who have left China illegally" and on generalized evidence indicating that torture occurs in Chinese prisons. *Mu*

*Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159–60 (2d Cir.2005).

Dong provided the immigration court with no basis for the IJ to conclude that he, or someone in his "particular alleged circumstances," faces an elevated risk of persecution or torture. *See Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 143–44 (2d Cir.2003). Dong's reliance on the 2004 State Department Report and material from CNN is misplaced because they do not contain evidence that individuals who illegally depart China are imprisoned and tortured upon their return. Moreover, aside from his testimony that such imprisonment and torture "happened to people before," Dong admitted that he did not personally know of any such cases. Therefore, inasmuch as Dong failed to provide the particularized evidence necessary to demonstrate eligibility for CAT relief, *see Mu Xiang Lin*, 432 F.3d at 160, substantial evidence supports the agency's conclusion that he failed to meet the high burden of proof for his CAT claim. *See Mu–Xing Wang*, 320 F.3d at 143–44.

For the foregoing reasons, the petition for review is DENIED.

---

** Because Dong failed to raise before the agency his claim that he is likely to be tortured on account of his violation of China's family planning policy, and because the Government has raised this failure to exhaust in its brief to this Court, we decline to consider the issue. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007).